IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br>v.<br><br>RESORT CONFECTIONS OF STEAMBOAT, INC. DBA/FUZZIWIG'S CANDY FACTORY,<br>Defendant. | **Case No.** '26CV4681 GPC JLB<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff JAMES ALGER ("Plaintiff") brings this action against Defendant RESORT CONFECTIONS OF STEAMBOAT, INC. DBA/FUZZIWIG'S CANDY FACTORY (collectively, "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, et seq., and the California Disabled Persons Act ("CDPA"), Cal Civ. Code. § 54, et seq.

2. Plaintiff is, and at all relevant times was, an individual with a physical disability that substantially limits one or more major life activities. Plaintiff requires the use of a wheelchair or mobility scooter for ambulation.

3. In June 2026, Plaintiff visited a candy shop owned and/or operated by Defendant in Coronado, California.

4. During his visit, Plaintiff encountered architectural barriers that denied him full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the subject premises. Namely, the interior path of travel was too narrow and did not provide adequate turnaround space.

5. As a result of these barriers, Plaintiff was unable to fully access and enjoy the subject premises and continues to be deterred from returning until such barriers are removed.

## JURISDICTION AND VENUE

6. The United States District Court, Southern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 et seq. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's ADA claim.

7. This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, which includes the cost of injunctive relief sought, damages, and attorney's fees, exclusive of interest and costs, and the parties are citizens of different states.

8. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

**PARTIES**

9. Plaintiff JAMES ALGER is, and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), a disease of the peripheral nerves that causes progressive loss of function and sensation in the hands, arms, legs, and feet. This physical impairment substantially limits Plaintiff's major life activities, including walking and performing manual tasks. As a result, Plaintiff relies on a scooter or a wheelchair for mobility. Plaintiff resides in Porter Ranch, California.

10. Defendant owns, operates, and/or leases Fuzziwig's Candy Factory at 1126 Orange Ave Coronado, CA 92118 ("Candy Store"), and did so at all times relevant to this Complaint, including during Plaintiff's visit. The Candy Store is a sales establishment and therefore constitutes a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7) et seq.

11. Based on publicly available information, RESORT CONFECTIONS OF STEAMBOAT, INC. DBA/FUZZIWIG'S CANDY FACTORY is a Colorado corporation with its principal place of business at 2155 Resort Drive # 225 Steamboat Springs, CO 80487.

**FACTUAL ALLEGATIONS**

12. In June 2026, Plaintiff visited the Candy Store while on a multi-day

trip to the greater San Diego area. During the trip, Plaintiff visited several local attractions, including the San Diego Zoo, where he is an annual member. Plaintiff was staying at a hotel approximately eight minutes from Coronado Island. While visiting Coronado, Plaintiff parked and explored the shops and businesses along Orange Avenue. In the course of doing so, Plaintiff came upon the Candy Store and was drawn inside by its displays of candy and merchandise.

13. On this visit, Plaintiff was using his mobility scooter. Plaintiff entered the store intending to browse and make purchases, looking forward to the fun, nostalgic experience a candy shop like this typically offers.

14. Once inside, Plaintiff encountered narrow and obstructed aisles and pathways that prevented Plaintiff from navigating the store comfortably, safely, and independently while using the mobility scooter. Closely spaced displays, shelving units, product racks, and merchandise created constricted pathways that substantially restricted Plaintiff’s ability to move through the store, turn the mobility scooter, and safely access various areas of the facility.





As a result, Plaintiff found it physically difficult, and in certain areas impossible, to access portions of the Candy Store and independently browse its selection of candy, toys, and other merchandise.

15. Plaintiff experienced these access difficulties in the presence of other customers and staff. As Plaintiff struggled to maneuver the mobility scooter through the narrow and obstructed pathways, Plaintiff felt frustrated, embarrassed, and humiliated by the difficulty of navigating the store and the unwanted attention the situation drew. Plaintiff also felt excluded from fully participating in what should have been a simple and enjoyable shopping experience. The barriers Plaintiff encountered caused considerable discomfort and frustration and prevented Plaintiff from enjoying equal and independent access to the Candy Store.

16. Plaintiff was able to make a purchase only with the assistance of a third party. Overall, Plaintiff was physically unable to fully patronize the establishment or experience it in the same way as non-disabled patrons.

17. Prior to filing this action, Plaintiff's counsel retained an inspector to conduct a sub rosa investigation of the subject property. The inspection confirmed the existence of the barriers alleged herein. Specifically, the inspector measured the interior aisle and found its width to range from approximately 19 to 25 inches. The inspector further confirmed that the transaction counter was inaccessible because it lacked a counter surface of the required length and the required adjacent clear floor space. The transaction-counter barrier relates to Plaintiff's disability because it would interfere with Plaintiff's ability, while using his mobility-scooter or wheelchair, to approach, access, and use the transaction counter."

18. Plaintiff frequently visits the greater San Diego area and, during such trips, often combines visits to the San Diego Zoo with visits to and exploration of nearby destinations, including Coronado. Plaintiff desires to return to the Candy Store to browse and shop in the future but is currently deterred from doing so

because of the accessibility barriers Plaintiff encountered during the June 2026 visit. So long as those barriers remain, Plaintiff is deterred from returning. If the Candy Store is made accessible to Plaintiff, Plaintiff intends to return and shop there.

19. The barriers encountered by Plaintiff are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

**FIRST CLAIM**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates them herein as if separately replead.

21. Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA.

22. The Candy Store is a place of public accommodation subject to the requirements of Title III of the ADA.

23. During his visit, Plaintiff encountered accessibility barriers, including an inaccessible path of travel.

24. Defendant failed to provide Plaintiff with full and equal access to the premises as required by 42 U.S.C. §§ 12182 and 12183 and the regulations promulgated thereunder.

25. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

26. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, was at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. The barriers encountered by Plaintiff can be removed without significant difficulty or expense, including by rearranging merchandise, displays, racks, shelving, and other movable fixtures to provide and maintain accessible routes throughout the Candy Store. The transaction counter can likewise be made accessible by removing or rearranging merchandise and other items on and around the counter to provide a counter surface of adequate length and the required adjacent clear floor space. These remedial measures would impose minimal cost or burden when compared to the substantial and ongoing benefit of providing Plaintiff and other customers with mobility disabilities equal and independent access to the Candy Store, its merchandise, and its transaction counter. Accordingly, removal of the barriers is readily achievable under the ADA.

27. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

28. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.

29. On information and belief, as of the date of Plaintiff's visit to the subject premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against

Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

30. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000a-3(a)) and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize Candy Store, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CLAIM**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code §§ 51 et seq.]**

31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 30 of this Complaint and incorporates them herein as if separately replead.

32. The Candy Store is a business establishment within the meaning of the Unruh Act.

33. Defendant is the owner and/or operator of a business establishment.

34. Defendant has violated the Unruh Act by its acts and omissions:

- Failure to construct or alter the Candy Store in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at the Candy Store;
- Failure to modify policies and procedures as necessary to ensure

Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Candy Store;

- Failure to maintain accessible features in violation of CBC 11B-108
- Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

35. Plaintiff has experienced barriers to access at the Candy Store, all of which have caused him major difficulty, discomfort, and embarrassment.

36. On information and belief, the Candy Store is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

37. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

38. On information and belief, the access features of the Candy Store have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

39. At all times mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility

disabilities, but Defendant failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

40. Based on Defendant's violations of the Unruh Act, Plaintiff seeks and is entitled to damages of at least $4,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs. *Id.*

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

41. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein as if separately replead.

42. The Candy Store is a place of public accommodation and/or place to which the public is invited and, as such, it must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

43. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

44. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

45. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

46. Defendant has violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

- Failure to construct or alter the Candy Store in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at the Candy Store;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Candy Store;
- Failure to maintain accessible features in violation of CBC 11B-108; and
- Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

47. Based on Defendant's violations of the DPA, Plaintiff seeks and is entitled to damages of at least $1,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Cal. Civ. Code § 54.3. Plaintiff is also entitled to his reasonable attorneys' fees, and costs. *Id.*

WHEREFORE, Plaintiff requests relief as outlined below.[1]

## PRAYER FOR RELIEF

1. Plaintiff does not have an adequate remedy at law for the harm caused by the conditions described in this Complaint. The barriers at Defendant's business have interfered with Plaintiff's ability to access the premises and have deterred him from returning. Unless those conditions are corrected, Plaintiff will continue to

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

face the same access barriers and resulting harm.

2. There is a real and ongoing dispute between the parties regarding whether Defendant's conduct complies with Title III of the Americans with Disabilities Act and California law. Plaintiff seeks a declaration finding that the conditions at issue violate the ADA.

3. Plaintiff further seeks injunctive relief requiring Defendant to bring Candy Store into compliance with the ADA and California law. This includes, but is not limited to, an order requiring Defendant to:

i. Remove the access barriers identified in this Complaint;

ii. Ensure that individuals with disabilities are afforded the same access and benefits as other patrons; and

iii. Provide and *maintain* accessible features.

4. Plaintiff requests that the Court retain jurisdiction to ensure that the required modifications are implemented and maintained.

5. Plaintiff also seeks recovery of his reasonable attorneys' fees, litigation expenses, and costs as permitted by law.

6. Award Plaintiff all appropriate damages, including, but not limited to, statutory damages of no less than $4,000 for each violation under the Unruh Civil Rights Act, or, in the alternative, no less than $1,000 for each violation under the California Disabled Persons Act.

7. Plaintiff requests such other and further relief that the Court may deem just and proper.

Date: August 16, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By: IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: August 16, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By: IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER